## MORRISON *v.* DICKEY.

1. The jury must take the whole charge as the law of the case.
2. The jury can not be expected to select one part of a charge to the exclusion of another, nor to decide between conflicts therein, nor to determine whether one part cures a previous error, without having their attention specially called thereto, and being instructed accordingly.
3. The plaintiff's agent and the defendant were in conflict as to the terms of the contract. In excluding the conversation between the agent and his principal, it was error under the Civil Code, § 4334, requiring the grant of a new trial, for the judge to intimate that the agent was committing a fraud on his principal in representing to her that the contract was different from that already made with the other principal.
4. One clause in a written contract providing for the payment of $750 "as hereafter agreed," parol evidence was admissible to explain the ambiguity, and to show not only the date but the conditions, if any, on which such payment was to be made.
5. It was not error to refuse to strike a plea setting up that, under the agreement between the parties, the $750 was payable out of the profits of the business sold.

Argued February 23, — Decided March 4, 1904.

Complaint.    Before Judge Calhoun.    City court of Atlanta.
June 13, 1903.

It appears that Mrs. Morrison owned a business in Atlanta
known as the E E-M Co., and on May 29, 1900, through her
husband, sold to Dickey a half interest therein, in consideration
of $500 cash, and "750 to be paid as provided hereafter;" Dickey
agreeing to pay into the business from time to time, as needed,
other sums alleged in the declaration to be $2,500.    Mrs. Mor-
rison having, on December 9, 1902, sued Dickey for the $750, it
appears that on March 10, 1903, she sold him the balance of her
interest in the business for $2,500.    The defendant, among other
defenses to the pending suit for $750, filed a plea of settlement,
predicated on an instrument dated March 10, 1903, as follows :
"Having this day sold my half interest in what is known as the
E E-M Co., I agree to have settled the suit I brought versus the
said J. L. Dickey.    It being a suit against said Dickey for a part
of the purchase-money of my first sale of a one-half interest to
said J. L. Dickey."    (Signed) "Hattie H. Morrison."    Dickey
also contended that the $750 to be paid as hereafter provided was
only to be paid out of the profits of the business; and the parties
were in conflict as to whether that was the agreement.    At the
trial, on May 14, 1903, the plaintiff moved to strike the same,
and filed a bill of exceptions pendente lite to the judgment refus-
ing to sustain the motion, and assigns error thereon.    The jury
found for the defendant on the plea of settlement, which makes
it unnecessary to refer to any of the exceptions except those
relating to that branch of the case.    The plaintiff insisted that,
while the instrument reciting the settlement was dated March 10,
1903, the same day as the instrument making the conveyance of
the remaining half interest in the firm, as a matter of fact "the
real date was about ten or fifteen days after the other paper was
signed."    Morrison testified that he agreed for his wife to dismiss
the suit if Dickey would give his note; that Dickey said that the
suit was in his way, and prevented him from getting money, and
that if he could get rid of the suit he could get his affairs arranged
all right; that after the contract of sale of March 10, 1903, had
been signed, Dickey came back and refused to pay Morrison until
"I had delivered this agreement to him to settle the case."    Mrs.
Morrison testified that she signed both papers bearing the same

date, but the shorter paper (settlement) was not signed at the same time that the other one was. "It was several days afterwards, if I am not mistaken." Mr. Morrison was her agent, and she testified that she signed it because he asked her. The court refused to allow Mrs. Morrison to testify that her husband told her that Mr. Dickey was to give his note for $750 and interest, as consideration for the settlement.

Dickey testified that both the papers dated March 10 were probably not delivered until some days afterwards, but he submitted both papers at the same time to his attorney. "As to which of the two papers was brought to me first, I think the contract for the sale was brought first. It was some days after we reached the agreement, before any money was paid. The trade was based entirely upon wiping out everything the Morrisons had in connection with the E E-M Company. I never would have closed that trade if these papers had not come to me bearing the same date and both being part of the same trade. After leaving my attorney's office I closed the trade, and paid the purchase-money for the remaining interest of Mrs. Morrison. Morrison delivered the release from the suit, and promised to see his attorney and arrange about his fee, and would have the suit dismissed." On cross-examination he testified that the verbal agreement was made on March 10, and the papers were not delivered until two or three days. They both were not brought together, but at separate times. "I supposed that the suit was settled until I received notice from my attorney that the case was set for trial."

Error is assigned, because the court, in excluding the testimony of Mrs. Morrison that her husband stated that Mr. Dickey was to give his note for $750, stated, in the presence of the jury: "It looks to me as if he was general agent; and he has committed a fraud on her, she has to bear it," the remark being calculated to prejudice the plaintiff in the minds of the jury, and being the intimation of an opinion that Morrison had committed a fraud on the plaintiff in making such statement to her. And because the court, in stating the contentions of the defendant to be that Mrs. Morrison claims that Dickey was to give a note for $750, which he had failed to do, whereby the consideration had failed, failed also to instruct the jury that the settlement had been made after the concluded contract of sale, and that the agreement to dismiss

the suit was nudum pactum.    And because the court charged the
jury (*a*) that "that settlement is a complete settlement of the
case."    (*b*)   " If you believe that Dickey never agreed to give any
$750 note for the settlement, but that it was made for other rea-
sons, then you will find for Dickey against Mrs. Morrison."    (*c*)
" It is a complete contract and settlement, and will be valid unless
it is shown that it was agreed that Mrs. Morrison should be given
a note for $750."

  *W. R. Hammond*, for plaintiff.
  *Felder & Rountree*, for defendant.

  LAMAR, J.    (after stating the foregoing facts.)    The jury hav-
ing found for Dickey on the plea of settlement, it is not necessary
to consider assignments relating to other -branches of the case.
From an inspection of the general charge, which was included in
the record, it does appear that the trial judge in one portion
thereof did submit to the jury the question as to whether there
was any consideration other than the $750 note; and also in-
structed them that if there was no consideration for the settle-
ment, it was nudum pactum.    But these general observations
were inconsistent with the pointed and explicit statement that " I
charge you that that settlement was a complete settlement of the
case."    This excluded the theory of the plaintiff that the settle-
ment had been signed after the execution and completion of the
contract of sale of March 10, 1903, and was therefore made, not
as a part of the second sale, but without consideration.    The de-
fendant insists, however, that this error was cured by other por-
tions of the charge.    As to this answer see *S., F. & W. Ry.* v.
*Hatcher*, 118 *Ga.* 273, where it was said :   " The attention of the
jury was not specially called to the fact that it was intended to
correct what had been previously said.    The jury must take the
whole charge as the law, and it is not for them to select one part
to the exclusion of another, nor to decide whether one part cures
or qualifies another, without being instructed so to do by the
judge."
  Morrison testified that the consideration for the settlement of
the pending suit was that Dickey was to give a note for $750 and
interest.    This Dickey denied.    In excluding the testimony of
Mrs. Morrison that when she signed the settlement her husband

told her that Dickey was to give the note for $750, the court said, "It looks to me as if he was general agent; and he has committed a fraud on her, she has to bear it." There may be a clerical error, but as this statement appears in the record it was the expression of an opinion that Morrison had committed a fraud. If, as seems probable, the court stated, "If he was general agent and if he has committed a fraud on her, she has to bear it," it was an intimation of the same opinion. The conversation between the husband and wife, or principal and agent, may not have been admissible against Dickey; but it was prejudicial to the plaintiff's case to suggest that the agent in that conversation was stating to the wife something different from what he had agreed with the defendant.

It is unnecessary to consider any other assignment except that based on the refusal to strike the plea to the effect that the $750 was only to be paid out of profits. The undertaking to pay "$750 as hereafter agreed" was on its face incomplete, and parol evidence was admissible to explain the ambiguity (Civil Code, §5202) and show not only the date when such payment was to be made, but also the source from which and the condition on which it was to be paid. The time of payment might be fixed by a date, or it might also be referred to the period when profits had been earned.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*