## FORT VALLEY KNITTING MILLS *v.* ANDERSON.

1. The declaration set out a cause of action, and there was no error in overruling the demurrer thereto.
2. Nor was there error in refusing to grant a nonsuit.
3. It was error for the court to charge the jury that the defendant, as a part of its defense, contended certain things which in fact were outside of its contention and not relied on by it; and such incorrect statement was not cured by the fact that near the close of a charge of considerable length the presiding judge again stated to the jury that the defendant contended certain things, less in extent than the former statement, but which he did not withdraw or modify, so that the jury might be left to understand that both statements were correct.
4. There being no contention in this case that the master failed in his duty as to using ordinary care in selecting fellow-servants, or that it knowingly retained incompetent servants, it was error to charge as to those matters.

Argued November 28, 1905.—Decided February 19, 1906.

Action for damages. Before Judge Felton. Houston superior court. May 31, 1905.

Raleigh Anderson, by his next friend Mrs. Lula Anderson, brought his suit for damages against the Fort Valley Knitting Mills, for personal injuries alleged to have been caused by the negligence of the defendant company. The petition alleged as follows: Anderson was an infant of thirteen years, inexperienced and ignorant of the dangers incident to the operating of machinery, and these facts were well known to the defendant. On March 7, 1904, he was in the employment of the defendant corporation, having been engaged to work in its knitting mill in Fort Valley, Georgia. The defendant company, knowing of the tender age and inexperience of the boy, put him to work at a ponderous and danger-

ous machine used in its factory for pressing finished garments, and did so without informing him of the dangerous character of the machine, and without instructing him or directing him in the work so that he might do it with reasonable safety to himself. The machine was composed in part of a number of rollers or cylinders which were made to revolve rapidly about and in an opposite direction to a large cylinder, which was kept heated to a very high temperature. Garments were fed to this complicated machine, to be pressed by being drawn between the rollers. The plaintiff was assigned to the work of feeding this machine. The danger of it, though well known to the defendant, was latent and not obvious to a youth of tender years, and the defendant was negligent in putting the child to work at it. The petition further alleged, that, while at work at this machine, the right hand of Raleigh Anderson was caught, and his hand and arm were drawn between the rollers and injured. Consequent pain and suffering and loss of capacity to labor and earn money were alleged. The defendant demurred to the petition. The judge overruled the demurrer, and the defendant tendered exceptions pendente lite. After evidence was offered for the plaintiff, the defendant moved for a nonsuit, which was refused, and the defendant excepted pendente lite. A verdict was found in favor of the plaintiff for $500. A motion for a new trial was made by the defendant. In the first ground of the amended motion for a new trial it is contended that the court erred in charging the jury as follows: "The defendant contends that he [the plaintiff] was not employed to operate the machine, that he was employed to take up from a table upon which the garments that had been ironed or smoothed out from the machine fell, and place them in boxes, counting and preparing them in that way for shipment, and that it was not part of his duty to place his hand upon any part of that machine or on any of the work, or on any of the garments that came through that machine, but that in doing so he did an act outside the line of his duty, an act which he had been warned not to do, and which he was of sufficient age and capacity to appreciate and realize he should not do; contending, therefore, that they are not guilty of any negligence whatever, the defendant contending that they warned him of the dangerous character of the machine; the defendant contending further that the machine was one that was heated by steam, that it was red hot, and he had suffi-

cient mental capacity to know that it would be dangerous for him to put his hand upon that machine, because it would be dragged into the rollers, thereby rendering himself liable to injury, and that the necessity of putting his hand upon any of the work did not exist, and that there was no such necessity, but that, on the contrary, in that connection his only duty was, if the garment did not come through the machine, that he should call the attention of the operator feeding the machine to the fact, and that it was the duty of the operator feeding the machine to stop the machine and get the garments out of it." The motion was overruled and the defendant excepted.

*Mathews & Riley,* for plaintiff in error.

*John P. Ross,* contra.

LUMPKIN, J. (After stating the facts.) 1. The demurrer was based on two grounds: (1) that no cause of action was set out; and (2) that it appeared, from the declaration, that the plaintiff was wanting in due care, and that his injury resulted from his own negligence. Both grounds were properly overruled.

2. There was no error in refusing to grant a nonsuit.

3. The real defense set up by the defendant being, in brief, that there was no concealed danger about the machine, and that the plaintiff necessarily took a manifest risk; that he had been instructed as to the proper and safe way to operate the machine, and it had been specially pointed out that there was no necessity, in doing the work, to place the hands very near the roller, the charge complained of in the first ground of the amended motion incorrectly stated the issues. The theory of the defense here stated had a tendency to impress the jury with the fact that the defendant set up and undertook to establish more than it actually contended; and this was hurtful error. Nor do we think this was cured by some reference to the issues, in the closing part of the charge. In giving his instructions to the jury the judge erroneously stated that the defendant contended certain things. In the latter part of the charge, which was of considerable length, he told the jury that they would understand, as he had stated to them, that the defendant contended certain things, but he did not refer to the former recital otherwise, or negative the previous statement that the defendant also contended other things. This was not enough to cure the

error, or bring the case within the rule that the charge as a whole may be looked to in order to determine whether there was hurtful error in a part complained of, and, if not, that no reversal will be necessary. *Morrison* v. *Dickey,* 119 *Ga.* 698.

There was also error in referring to the duty of a master as to using ordinary care in selecting fellow-servants, and as to not retaining them after knowledge of incompetency. Such a charge tended to divert the minds of the jury from the real issues. Standing alone, it may not have been sufficient to require a new trial; but coupled with other errors it must have that result.

*Judgment reversed. All the Justices concur, except Atkinson, J., who did not preside.*