## ATLANTIC AND BIRMINGHAM RAILWAY CO. *v.* BOWEN.

1. In an action for damages against a railroad company, where the plaintiff sues for the value of lost time, physical pain and suffering, physician's bill, permanent physical impairment, and the consequently diminished capacity to labor, alleged to be the result of personal injuries sustained in consequence of the negligence of the defendant company and its employees, it is error to give in charge to the jury the following provisions of the Civil Code (§ 3907) : "In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed, except the enlightened conscience of impartial jurors."

2. "To charge the jury in a civil case that they are the judges of the law and the facts which have been submitted to them is erroneous."

3. An excerpt from a charge, which, when taken in connection with the instructions immediately preceeding it, is merely a caution against possible prejudice on the part of the jurors against either party, is not erroneous.

Submitted March 3,—Decided May 16, 1906.

Action for damages. Before Judge O'Steen. City court of Douglas. February 10, 1905.

*Rosser & Brandon, J. L. Sweat,* and *Quincey & McDonald,* for plaintiff in error. *Leon A. Wilson* and *Toomer & Reynolds,* contra.

BECK, J. Bowen sued the defendant company for damages on account of personal injuries alleged to have been sustained by reason of the derailment of a train of the defendant, upon which he was a passenger. The jury returned a verdict in his favor, and the defendant made a motion for a new trial, upon the general and five special grounds. The first two special grounds were abandoned, however, the third, fourth, and fifth being the only ones urged here. They are as follows: "Third. Because the court erred in charging the jury as follows: 'In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed, except the enlightened conscience of impartial jurors.' And for the reason that the rules of law contained in said charge were inapplicable and improper to the case on trial." "Fourth. Because the court erred in charging the jury as follows: 'Gentlemen of the jury, you are in this case, as in all such cases, the judges of the law and the facts,' for the reason that said charge contained an incorrect rule in civil cases," etc. "Fifth. Because the court erred in the charging the jury: 'You will forget that the plaintiff is a colored man, or the defendant a railroad corporation.'" Upon the overruling of the motion the defendant excepted.

1. The plaintiff contended, that, as a result of the injuries sustained by him in the alleged wreck, he suffered severe pain for a number of months; that he was entirely disabled for duty for a period of three months; that he incurred expense on account of physicians' bills and medicine; and that he will probably continue to suffer during the rest of his life. These are the only elements of damages contended for and insisted upon by the plaintiff. And in such a case it is manifestly error for the court to give in charge to the jury that portion of the Civil Code, §3907, complained of in the third ground of the amended motion, which is as follows:

"In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed except the enlightened conscience of impartial jurors." In the case of *Central Ry. Co.* v. *Almand,* 116 *Ga.* 780, where the plaintiff had sued for damages for lost time and expenses incurred by reason of his expulsion from a train, and injuries other than to his peace, happiness, and feelings, this court held: "While the injury to his feelings could only be gauged by the enlightened conscience of the jury, the law prescribes a more definite measure for determining the amount which he was entitled to recover on account of his lost time and expenses." And the charge was held to be erroneous for that reason. For still stronger reasons should the charge in the case at bar be held to constitute reversible error; because here there were no circumstances of aggravation, either in act or intention, which would have authorized the recovery of punitive damages. Actual damages, and not damages to wounded feelings, or to peace and happiness, were the basis upon which a recovery against the defendant in the present case was sought; and the rule laid down by the court for the guidance of the jury in fixing the amount of damages was not applicable to the facts of the case. *Macon Ry. Co.* v. *Vining,* 120 *Ga.* 511. Indeed in looking through the entire charge we do not find that the court anywhere instructed the jury as to the true guiding rule to be used by them in computing or ascertaining the damages which they would have been authorized to find under the evidence in the case.

2. A charge instructing the jury that they were, "in this case, as in all such cases, the judges of the law and the facts," was erroneous. This is not the rule enunciated by this court. "A charge should not be given in a civil case making the jury the judges of the law and the facts." *Vigal* v. *Castleberry,* 67 *Ga.* 600. "To charge the jury in a civil case that they are the judges of the law and the facts which have been submitted to them is erroneous." *Higginbotham* v. *Campbell,* 85 *Ga.* 638. And while instructions in this respect alone would not in every case constitute reversible error, yet because of the previous shortcomings of the court's charge upon the vital issues in the present case, as pointed out in the first division of this opinion, they are here fatally erroneous.

3. It is complained that the court erred in giving the following charge to the jury: "You will forget that the plaintiff is a colored

man, or the defendant a railroad corporation." But upon reading this extract from the charge, in connection with what immediately preceded it, it is evident that the jury could not have understood it otherwise than as a mere caution to them against being influenced by prejudice, and to prevent their making a finding other than according to the law and facts of the case. Such a caution can not be hurtful to either party, and possibly might have a salutary effect.

As there must be a new trial, we will refrain from any expression of opinion as to the facts in the case, or weight of the evidence.

*Judgment reversed. All the Justices concur.*