## 24218. SOUTHERN GROCERY STORES INC. v. CAIN.

STEPHENS, J. 1. An occupant of premises, notwithstanding he may have turned them over to an independent contractor for the purpose of being repaired, is not necessarily thereby relieved of the duty, placed upon him by law, to exercise ordinary care to keep the premises safe for a person lawfully coming upon them. Civil Code (1910), § 4420. Where the occupant of premises which are used by him in conducting a retail store in which business is done with the public, and to which customers lawfully come to trade, has merely permitted the landlord to come thereon for the purpose of making repairs in the floor and has not relinquished control of the premises and, while the repairs are being made, permits a customer to come into the store for the purpose of trading, the occupant nevertheless owes a duty to the customer to use ordinary care to have the premises safe. Corrigan v. Elsinger, 81 Minn. 42 (83 N. W. 492).

2. The duty which rests upon the occupant of premises as respects persons lawfully coming upon the premises is to exercise ordinary care to keep the premises safe. Upon the trial of a suit for damages by a customer against the occupant of premises, to recover for personal injuries alleged to have been received by the plaintiff while in the store, a charge of the court that if the jury should believe that at the time the plaintiff was injured the floor was not in a reasonably safe condition for a person entering the store, and that the plaintiff entered the store and was injured, the plaintiff would be entitled to recover, if not barred by the plaintiff's failure to exercise ordinary care, is subject to the objection that it eliminated from the consideration of the jury any question as to the defendant's negligence as respects the maintenance of the condition of the floor. Since the evidence presented the issue of fact whether the defendant was negligent, the charge was error harmful to the defendant. The mere fact that the court elsewhere in the charge instructed the jury that the duty which rested upon the defendant was to exercise ordinary care to keep the premises safe does not cure the error in the charge excepted to. Morrison v. Dickey, 119 Ga. 698 (2) (46 S. E. 863); Gill v. Willingham, 156 Ga. 728 (4) (120 S. E. 108); LaGrange Ice &c. Co. v. McManamy, 32 Ga. App. 195 (122 S. E. 708).

3. Where upon the trial of such a case one of the grounds of the defense was that at the time when it was alleged the plaintiff was injured while in the defendant's store, the defendant had relinquished possession of the store to a contractor of the landlord, who had entered the store for the purpose of making repairs, and that the store at the time was in the sole control, possession, and custody of the contractor, and that, therefore, whatever injuries the plaintiff may have received were not due to the defendant's negligence, and where the court in the charge clearly instructed the jury that if these allegations were true, or that if the condition of the floor was known to the plaintiff and she could by the exercise of ordinary care have avoided the injuries, there could be no recovery, it was not error for the court, in the absence of a special request, to fail to define negligence or to fail to "explain in any wise to the jury the doctrine or principle of proximate cause." A failure of the

court in its charge to define negligence or to instruct the jury as to proximate cause, in the absence of a special request, is not error. *Georgia R. Co.* v. *Farmer*, 45 *Ga. App.* 130 (164 S. E. 71); *Stewart* v. *Mynatt*, 135 *Ga.* 637, 640 (70 S. E. 325); *Western Union Telegraph Co.* v. *Ford*, 10 *Ga. App.* 606 (74 S. E. 70); *Wakefield* v. *Lee*, 18 *Ga. App.* 648 (4) (90 S. E. 224); *Ga. Ry. &c. Co.* v. *Turner*, 33 *Ga. App.* 101 (4) (125 S. E. 598).

4. It was not error for the court, in charging the law of comparative negligence, to fail in connection therewith to charge the jury that if the plaintiff failed to exercise ordinary care and this was the cause of the injury, there could be no recovery, if the plaintiff, by the exercise of ordinary care, could have avoided the consequences of the defendant's negligence, where the court elsewhere gave these principles of law in charge. *Macon & Birmingham Railway Co.* v. *Parker*, 127 *Ga.* 471 (56 S. E. 616).

5. Where the court charged that the plaintiff could recover for loss of earning capacity, it was not error to fail to go into details as to the method of calculating the loss, in the absence of a special request. *Louisville & Nashville R. Co.* v. *Trout*, 141 *Ga.* 121 (2) (80 S. E. 622).

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 22, 1935.

*Harold Hirsch, Marion Smith, M. E. Kilpatrick,* for plaintiff in error.

*Douglas, Douglas & Andrews, Parham & Simpson,* contra.