35206.   CENTRAL OF GEORGIA RY. CO. *v.* GIBSON.

Decided July 7, 1954—Rehearing denied July 27, 1954.

*Stewart & York, Matthews, Maddox, Walton & Smith,* for plaintiff in error.

*Arnold & Gambrell, Dan Winn,* contra.

TOWNSEND, J. ■ In special ground 2 of the amended motion for a new trial error is assigned on a portion of the charge as follows: "If you find that the plaintiff is entitled to recover you would assess damages to her in just such sum as you think would be fair compensation for her pain and suffering and the impairment of earning capacity and lost earnings", on the ground that it is unsound as an abstract principle of law, incorrectly states the rule of the measure of damages for lost earnings, induced the jury to believe they could set any compensation they thought fair for lost earnings regardless of the evidence and confused them as to the methods for estimating different elements of damage. A charge which leaves elements of actual damage, the amounts of which are provable (such as lost earnings, medical expenses, property damage, and so on) to the enlightened conscience of the jury to be determined as they determine the amount of damage for such elements as pain and suffering, is

error requiring the grant of a new trial. *Linder* v. *Brown,* 137 *Ga.* 352, 353 (73 S. E. 734); *Southern Ry. Co.* v. *Broughton,* 128 *Ga.* 814 (58 S. E. 470); *Wadley* v. *Dooley,* 138 *Ga.* 275 (75 S. E. 153); *Southern Ry. Co.* v. *Nappier,* 138 *Ga.* 31 (74 S. E. 778); *Atlantic & Birmingham Ry. Co.* v. *Bowen,* 125 *Ga.* 460 (54 S. E. 105); *Central Railroad Co.* v. *Senn,* 73 *Ga.* 705. No such error, however, was committed by the court in this case, for, immediately after the excerpt from the charge complained of, he charged that "there is no standard by which you can measure [pain and suffering] except the enlightened conscience of impartial jurors. As to impairment of earning capacity . . . consider whether this impairment has ceased or will continue in the future. If you find it has ceased, you would of course consider only the impairment and loss of earnings during the period up to the time it ceased to be impaired. . . If you find there will be a loss of earnings in the future, you would be authorized to consider that. It would be your duty to reduce to its present cash value the amount of any such loss." The court then charged a rule for reducing the amount found to its present cash value. The jury could not have been confused thereby into believing that they might set an arbitrary figure for lost earnings regardless of the evidence, and the charge, considered as a whole, was not error. Cf. *Powell* v. *Jarrell,* 65 *Ga. App.* 453 (16 S. E. 2d 198). This special ground is without merit.

■ Special ground 3 of the amended motion for a new trial contends that the court erred in that he set out and emphasized in an argumentative way the contentions of the plaintiff while not including the contentions of the defendant. The contentions referred to in this ground are those regarding specific injuries to the plaintiff, which were alleged in the petition, and to which the defendant in its answer replied that it could neither admit nor deny the same for lack of sufficient information. Obviously, for the court to have stated that the defendant neither admitted nor denied these contentions would in no manner have helped the defendant. The jury was charged that the plaintiff must prove her allegations by a preponderance of the evidence in order to recover, and that the jury would have the pleadings out and could refer to the same. That the charge as given was not argumentative, see *Greenfield* v. *Rhodes,* 21 *Ga. App.* 676 (3) (94 S. E. 1036). This ground is without merit.

■ Special grounds 4 and 5 of the amended motion for new trial complain of the refusal of the trial court to give in charge the following written requests: (a) "If at the time of the injury an ordinarily prudent person, in the exercise of the degree of care and caution which such a person generally uses, would have reasonably apprehended that the railroad might be negligent at the time and place where the injury occurred, and, so apprehending the probability of the existence of such negligence, could have taken steps to prevent the injury, then the person injured cannot recover, if she failed to exercise that degree of care and caution usually exercised by an ordinarily prudent person to ascertain whether the negligence which might have been reasonably apprehended really existed." (b) "If you should find from the evidence that the standing railroad car or cars obstructed the view of the approaching train, and that at the time and place of the injury, such standing car or cars would have caused an ordinarily prudent person to reasonably apprehend the probability, even if not the possibility, of danger to herself from a train in driving onto the crossing, then she was required to take such steps as an ordinarily prudent person would have taken to ascertain whether such danger existed, as well as to avoid the consequences of the same after its existence was ascertained; and if you find she failed to do this, and was injured, she will not be allowed to recover, if by taking proper precautions she could have avoided the consequences of the negligence of the railroad." These requests are quoted or adapted from *Western & A. R. Co.* v. *Ferguson*, 113 *Ga.* 708, 717 (39 S. E. 306, 54 L. R. A. 802). The rule of law therein contained is expressed by Code § 105-603 as follows: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." As to this rule of law, the court charged as follows: "The plaintiff cannot recover if her injuries were caused by her own negligence, nor if she, by the exercise of ordinary care, could have avoided the consequences of the defendant's negligence, if you find that the defendant was negligent, after it was known or in the exercise of ordinary care should have been known to her. . . If . . . in the exer-

cise of ordinary care, the plaintiff's husband saw or should have seen the train approaching in time to . . . have avoided being struck by the train by the use of ordinary care, and his failure to use such care . . . was the proximate cause of the plaintiff's injuries, then the plaintiff could not recover. . . A person cannot heedlessly rush into grave peril, of the existence of which he is perfectly aware, and then hold anyone else, whether negligent or not, responsible for the consequences. . . If you find that this occurred, this, in and of itself, would amount to a failure to exercise ordinary care, and the plaintiff would not be entitled to recover. . . If you find from the evidence that the driver of the automobile in which the plaintiff was riding, in the exercise of ordinary care, could or should have seen the approaching train in time to have stopped the automobile before a collision, and the failure to use such ordinary care was the sole and proximate cause of the accident, then in such event the plaintiff could not recover."

The rule set forth in *Werk* v. *Big Bunker Hill Mining Corp.*, 193 *Ga.* 217 (17 S. E. 2d 825) is recognized, to the effect that an apt and timely request should be given by the court, and that, unless the request as given is equally as pertinent and concrete as that requested, failure to give in charge the written request will be erroneous. Here, however, the charge as given set forth the principles of law involved as adequately, and somewhat more plainly, than the charge requested. In view of the ruling in *Brunswick Light Co.* v. *Gale,* 91 *Ga.* 813 (5) (18 S. E. 11), refusal to give these requests in the exact language requested cannot be held reversible error.

Further, the court did charge, in the language of the *Ferguson* case, as follows: "The duty imposed by law upon all persons to exercise ordinary care to avoid the consequences of another's negligence shall not arise until the negligence of such other is existing and is either apparent or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence. I charge you further that failure to exercise ordinary care on the part of the person injured, before the negligence complained of is apparent or should have been reasonably apprehended, would not preclude a recovery, but would authorize" a diminution of damages. This was plainly to imply that the duty

to exercise ordinary care to avoid the consequences of another's negligence does arise when the negligence of the other is apparent or the circumstances are such that an ordinarily prudent person would apprehend its existence. *Parker* v. *Ga. Pac. Ry. Co.*, 83 *Ga.* 539, 540 (8c) (10 S. E. 233). While this court always considers it the better practice to give an apt and pertinent legal request to charge in the language of the request, no error appears here such as to require the reversal of this case. These grounds are without merit.

■ It is further contended by the plaintiff in error that the motion for new trial should have been granted on the general grounds because the evidence demands a finding that the plaintiff, through her husband who was driving her car at her direction, failed to exercise ordinary care for her own safety in not apprehending and avoiding the negligence of the defendant, and that such failure precludes her from recovery. The evidence is undisputed that the plaintiff's husband was familiar with the crossing; that he stopped before entering it and then proceeded across slowly; that as he did so he glanced up and down the track and did not see the backing switch engine; that he did see the row of boxcars on the fifth track, and could not see the switch engine, which was moving up behind them, nor could the engineer see him for the same reason; that there was a distance of about 8 feet between the fifth and sixth tracks and he did not stop between those tracks, but proceeded on across after he entered the crossing. Further, there is evidence authorizing the finding that the switch engine crew had placed the boxcars in the position in which they were located about 15 minutes previously, thus blocking the engineer's view of the road as he approached and crossed it; that there was no bell, watchman, warning or other signal given. The plaintiff and her husband testified that they were already on the track before they could see the engine approaching and that the best thing to do then was to try to get across, which they attempted. The engine struck the rear of the automobile.

It was held in *Callaway* v. *Pickard*, 68 *Ga. App.* 637 (23 S. E. 2d 564) that one who stops at a crossing and then proceeds across the track, and is hit by a train which he did not see or hear, and which was concealed from his vision because of certain obstacles

along the track, is not so negligent as to preclude his recovery as a matter of law, in attempting to cross the track. The case here is stronger for the plaintiff, in that he had actually to enter the crossing, and stop upon some of the railway tracks, and even then it is uncertain whether he could have seen around the box-cars and onto the sixth track without either driving upon that track or getting out of the car to look while it was parked upon other railway tracks. It is a jury question whether, under such circumstances, reasonable caution would forbid one going forward in reliance upon his sense of hearing, unaided by that of sight. Pekora v. Wabash Ry. Co., 292 U. S. 98 (54 Sup. Ct. 580, 78 L. ed. 1149, 91 A. L. R. 1049); *Central of Ga. Ry. Co. v. Leonard,* 49 *Ga. App.* 689, 706 (176 S. E. 137). As stated in *Richmond & Danville R. Co.* v. *Howard,* 79 *Ga.* 44 (2) (3 S. E. 426): "Failure of the injured party in the use of ordinary care by untimely stepping upon a railroad track at a public crossing is no complete bar to the recovery of damages, unless by the use of ordinary care the consequences due to the negligence of the other party could have been avoided. And whether they could or not is a question for the jury." Under the circumstances of this case, it was entirely a jury question as to whether the plaintiff, in the exercise or ordinary care, should have apprehended the negligence of the defendant in time to avoid the same, and the circumstances of this case distinguish it from situations cited in the brief of the plaintiff in error in which it was held to be "plain and indisputable" that the plaintiff's lack of ordinary care was the sole proximate cause of the injuries received. For example, in *Southern Ry. Co.* v. *Maddox,* 63 *Ga. App.* 508 (11 S. E. 2d 501) the plaintiff made a turn into the railway track, and testified that he would have hit the engine whether it had been moving or not. In *Southern Ry. Co.* v. *Frazier,* 40 *Ga. App.* 364 (149 S. E. 425), the plaintiff was guilty of negligence per se in speeding, among other things. In *Coleman* v. *Western & Atlantic R.,* 48 *Ga. App.* 343 (172 S. E. 577), the plaintiff, who was walking, stepped blindly out in front of a passing train. In *Southern Ry. Co.* v. *Parkman,* 61 *Ga. App.* 62 (5 S. E. 2d 685), the plaintiff, who was walking alongside the track, turned left to cross it; he admitted that, had he looked back as he did so, he would have seen the train approaching.

These and other cases cited belong in the "plain and indisputable facts" category; they may be decided as a matter of law. But where, as here, the plaintiff is already upon the tracks, where he looks and listens but sees and hears nothing, and then proceeds, what, if anything, he should do further in order to apprehend the negligence of the defendant (which he is not required to anticipate, see *W. & A. R. Co.* v. *Ferguson*, supra, p. 713), is a jury question.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*