36792. PUCKETT *et al. v.* KELLY.

DECIDED JULY 11, 1957.

226

230

234

*Matthews, Maddox, Walton & Smith,* for plaintiffs in error.
*Cecil Franklin, Clower & Anderson,* contra.

GARDNER, P. J. 1. The court did not err in overruling the general demurrer of the Rome Provision Company.

2. Special ground 1 assigns error because it is alleged that the court erred in charging the jury as follows: "Now the defendant comes into court and each of them, and files their plea and answer and denies that they are liable to the plaintiff in any sum whatsoever. The defendants contend that the defendant Puckett was not negligent as alleged in the plaintiff's petition. They contend that he was at the time of the alleged incident in the exercise of ordinary care, and that he nor either of the defendants are responsible to the plaintiff for any injuries he claims to have sustained and that they are not liable to him in any amount.

"The allegations set forth in the petition of plaintiff together with the plea and answer of the defendant as amended constitute

the written contentions of the parties. These are the issues stated briefly for you to determine. You will have out before you the pleadings that I have referred to here, and I charge you now that the pleadings are not evidence and have no probative value. That is, they prove nothing except where you find an allegation in one which is admitted in the other, you will take such admitted allegations as being true without requiring proof as to such admitted allegations. You are authorized and instructed to read these papers as often as you like for a more specific elaboration of the contentions of the parties and of the case which you are to decide.

"Now, I have thus submitted to you the contentions of the plaintiff on the one hand and the contentions of the defendant on the other briefly upon the issues as to whether or not the plaintiff or the defendant is entitled to have and receive a verdict at your hands.

"You will not take the statement on the part of the court of the contentions of the parties as having any evidentiary force or value whatsoever. I have simply recited to you the contentions of the plaintiff and the contentions of the defendant as applicable to the evidence and the law in the case."

Movants aver that such charge was erroneous and injurious to them jointly and severally because it failed to set forth the contentions of the movants.

Counsel for the defendants contend that the charge of the court erroneously excluded from the jury the defenses of contributory and comparative negligence. Counsel states that where a trial court in a charge makes a reference to the pleadings which the jury will have out with them, this is usually a sufficient statement of the contentions, but contends that the trial court took this case out of that category by adding the following words: "I have simply recited to you the contentions of the plaintiff and the contentions of the defendant as applicable to the evidence and law in the case." Counsel cites in support of this contention *Hightower* v. *Ansley*, 126 *Ga*. 8 (6) (54 S. E. 939, 7 Ann. Cas. 927) and *Potts* v. *Reconstruction Finance Corp.*, 76 *Ga. App*. 796 (47 S. E. 2d 178). We have read the full charge of the court in those cases and compared the charges there with the charge

in the instant case and find that the charge in the instant case covers the evidence and the pleadings thoroughly, and the two cases cited by counsel for the defendants are not binding. In *Haslerig* v. *Watson*, 205 *Ga.* 668 (5) (54 S. E. 2d 413) the Supreme Court said: "An assignment of error based upon a particular excerpt from the charge of the court, complaining because therein the court omitted certain contentions of the complaining party, shows no ground for reversal, where the charge as a whole fairly states the contentions of the parties and further instructs the jury that the pleadings will be out with them, and that the jury can refer thereto in order to ascertain the contentions of the parties." This special ground is not meritorious.

3. Special ground 3 assigns error because it is alleged that the court erred in charging the jury as follows: "I further charge you gentlemen that under the law of this State no person shall drive a vehicle on a street or highway at a speed greater than is reasonable or prudent under the conditions and having a regard to the actual or potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on the highway in compliance with the legal requirements· and the duty of all persons to use due care.

"I charge you further that the driver of every vehicle shall, when a special hazard exists with respect to pedestrians or other traffic, or by reason of weather or highway conditions, drive at an appropriate or reduced speed so as to avoid colliding with other vehicles or pedestrians using the highway." It is contended that this charge imposed on the defendants a greater duty than the law requires. Counsel argues that Code (Ann.) § 68-1626 when presented to the jury without further explanation or qualification is not sufficient to enlighten the jury so that they may determine the matter presented to them; that the qualifications imposed by isolated statements in Code sections are understood by the bench and bar but the jury is not supposed to know any law except that which is given to them in charge by the trial court. In *Moody* v. *Threlkeld*, 13 *Ga.* 55 (7) the Supreme Court said: "Courts, in construing statutes . . . must have some respect to the *substance*, and not adhere too closely to the *letter*."

Counsel also cites *Lucas* v. *Smith*, 201 *Ga.* 834 (41 S. E. 2d 527) and *A. C. L. R. Co.* v. *Canty*, 12 *Ga. App.* 411 (77 S. E. 659) in support of this contention. It is our opinion that these cases are not authority for reversal for the case at bar but rather that this case is determined by the ruling in *Alfriend* v. *Fox*, 124 *Ga.* 563 (1) (52 S. E. 925) wherein the following is held: "When a charge correctly sets forth a rule of law, it is not rendered erroneous merely for the reason that the rule is not stated in the exact language of the Code." See also *Alabama Great Southern R. Co.* v. *McBryar*, 65 *Ga. App.* 153 (15 S. E. 2d 563), *Dyer* v. *State*, 71 *Ga. App.* 41 (29 S. E. 2d 922), and *City Council of Augusta* v. *Tharpe*, 113 *Ga.* 152 (2) (38 S. E. 389). This special ground shows no cause for reversal.

4. Special ground 4 assigns error because it is alleged the court erred in charging the jury as follows: "I charge you that if you determine from a consideration of the evidence and under the rules of law as given you in charge by the court that the defendant has violated one or more of the State's statutes about which I have just charged you, the defendant is guilty of negligence per se; that is to say, negligence in itself, negligence of itself, negligence as a matter of law.

"Whether or not the plaintiff has shown that the defendant Puckett as agent of the defendant, Rome Provision Company, has violated one or more of the statutes referred to by the court in this charge is a question of fact for the jury to determine under the rules of law given you.

"I charge you that if you should believe from the evidence that the defendant Puckett was guilty of a violation of any one or more of the State's statutes about which I have charged you, that such violation was the approximate cause of the plaintiff's injury, if he was injured as alleged, the plaintiff would then be entitled to a verdict at your hands, provided you believe that plaintiff was in the exercise of ordinary care for his own safety.

"The rules of law given you in charge concerning the laws applicable to negligence per se would not apply unless the jury should determine from the evidence that the defendant had violated the terms of one or more of the State's statutes as referred to." Counsel contends that the language of this excerpt was

calculated to mislead the jury into thinking erroneously that the laws applicable to negligence per se would not apply to the plaintiff.

Special ground 5 assigns error because it is alleged that the court erred in failing to charge that portion of the law on negligence per se to the effect that the plaintiff would be guilty of negligence per se if he violated the law requiring the use of lights upon the tractor he was operating. When we consider the entire charge of the court on this principle of law, it will be seen that the court did not err in this respect and these special grounds are not meritorious.

5. Special ground 6 assigns error because it is alleged that the court erred in charging the jury as follows: ". . . The plaintiff is entitled to recover if he proves to your satisfaction under the rules of law given you in this charge that the defendant was negligent as alleged in his petition as amended, and was injured and damaged as an approximate result thereof." It is contended that the effect of this charge was to instruct the jury that they need not consider any negligence of the plaintiff in getting into the dangerous situation, the negligence of the defendants being the only thing to consider and that such charge deprived the defendants of their defenses of contributory negligence and comparative negligence. On this point counsel cites the following cases: *Benton Rapid Express* v. *Sammons,* 63 *Ga. App.* 23 (10 S. E. 2d 290), *W. & A. R. Co.* v. *Jackson,* 113 *Ga.* 355 (2) (38 S. E. 820), *Morrison* v. *Dickey,* 119 *Ga.* 698 (2) (46 S. E. 863), and *C. & S. National Bank* v. *Kontz,* 185 *Ga.* 131 (2) (194 S. E. 536). It has been held that even though a trial judge gives an inaccurate charge such is not reversible error if the complete charge did not mislead the jury. See *A. C. L. R. Co.* v. *Taylor,* 125 *Ga.* 454 (54 S. E. 622). The whole charge of the court must be taken into consideration rather than excerpts lifted from the context. See *Morrison* v. *Dickey,* supra. The charge of the court as a whole on this principle of law was full and complete and was not conflicting in any way and this special ground is not meritorious.

6. Special ground 7 assigns error because it is alleged that the court erred in charging the jury as follows: "The plaintiff also

claims damages for what he alleges to be a permanent decrease in his capacity to labor and earn money. You will look to the evidence and determine how much, if any, his capacity to labor and earn money has been reduced on account of the injury. You will determine if the evidence discloses the fact that he would probably . . . what he probably would have been able to earn but for the injury, and what he will probably be able to earn in the future, and if he will be able to earn less in the future than he would have been able to earn without the injury, then the difference between the two sums would represent the loss, if any, to his earning capacity by reason of the injury. You will find that that would be the fair average yearly of the loss, if any, and multiply that amount by the number of years, if any, that the evidence disclosed this decrease in earning capacity will continue.

"If you find from the evidence that his decreased earning capacity is permanent, then you would multiply what the evidence shows to be the plaintiff's average yearly loss on this account, if any, by the number of years that you find from the evidence he would probably have lived but for the injury. In either case, this would give the gross amount of loss due to decreased earning capacity. In determining this amount you would take into consideration the fact that men's capacity to labor and earn money rarely ever remains undiminished to old age. You will also take into consideration the fact that men frequently voluntarily abstain from labor, and that loss of employment, dullness in business, sickness, voluntarily abstaining from employment, increased infirmities of age and other things independent of the alleged injury may contribute to diminish the gross amount of the alleged loss of earning capacity. You would then reduce this gross amount to its present cash value by any correct method known to yourselves, using the basis that money is worth 7 per cent per annum interest, because if the plaintiff had earned the money he would have received it from year to year as he earned it, whereas if he recovers it in this case it would be paid to him in cash." Counsel argues that this is an erroneous charge because the court confused the formula of life expectancy and work expectancy. On this point in relation to the measure of damages

counsel cites *A. C. L. R. Co.* v. *Thomas,* 83 *Ga. App.* 477, 491 (64 S. E. 2d 301), *Central R. & Bkg. Co.* v. *Dottenheim,* 92 *Ga.* 425 (3) (17 S. E. 662), and *W. & A. R. Co.* v. *Roberts,* 144 *Ga.* 250 (8) (86 S. E. 933). We do not think that these cases are binding authority for reversal. See *Central of Ga. Ry. Co.* v. *Dumas,* 44 *Ga. App.* 152, 155 (16) (160 S. E. 814), *Southern Grocery Stores, Inc.* v. *Cain,* 50 *Ga. App.* 629, 630 (5) (179 S. E. 128), and *Central of Ga. Ry. Co.* v. *Gibson,* 90 *Ga. App.* 512 (1) (83 S. E. 2d 271). This special ground is not meritorious.

The court did not err in any of the rulings.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*