*Richard B. Russell Jr.,* contra.

---

### 10653.  SOUTHERN PARAMOUNT PICTURES CO. v. GAULDING

JENKINS, P. J.  The plaintiff in this case (who was not a servant of the defendant but an employee of an express company) sued for damages on account of alleged personal injuries, alleging that upon the invitation of the defendant he entered within its premises and building for the purpose of trucking and removing, by means of its truck and elevator, certain of its goods from the building, to be delivered to the express company for shipment; that while in the act of driving the truck along a narrow hallway and into the defendant's elevator, "one of said defendant company's servants, unknown to the plaintiff,

started said elevator up to the fourth floor," causing the elevator to strike and catch the truck and crushing the plaintiff (who was at the rear of the truck) through the wall of the building, thus inflicting serious bodily injuries. The defendant demurred to the petition generally and specially, contending especially that it was insufficient because it did not state that the servant thus moving the elevator was then and there acting within the scope of his authority. The demurrers were overruled, and the defendant excepted. *Held:*

1. "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Civil Code (1910), § 4420.

2. In such a case, in order for the doctrine of respondeat superior to have application, it must appear that the alleged negligent act of the defendant's servant occurred while he was acting as such servant and within the scope of his employment. 4 Words and Phrases (2d Series), 358; 29 Cyc. 477; Manning *v.* Sherman, 110 Me. 332 (86 Atl. 245, 46 L. R. A. (N. S.) 126, Ann. Cas. 1914D, 89).

3. In this case the allegation in the petition, that "one of said defendant company's servants, unknown to the plaintiff, started said elevator up to the fourth floor," must, when construed in the light of the entire petition, be taken to mean that such servant was the defendant's servant in thus operating the elevator which plaintiff had been invited to use, and that consequently the act was within the scope of his authority; it being, for example, further charged that the defendant *"was negligent in that it* caused *or* allowed *said elevator"* to be thus moved by its servant.

*Judgment affirmed. Stephens, J., concurs. Smith, J., disqualified.*

DECIDED NOVEMBER 19, 1919.

Action for damages; from city court of Atlanta—Judge Reid. May 17, 1919.

*King & Spalding, John A. Sibley,* for plaintiff in error.
*Arminius Wright,* contra.

