24864.   J. M. HIGH COMPANY *v.* HAGUE.

166

Decided March 17, 1936.    Rehearing denied March 31, 1936.

Haas, Gambrell & Gardner, for plaintiff in error.

Reuben R. Arnold, Burress & Dillard, contra.

Stephens, J.    Mrs. Robbie Hague sued the J. M. High Company alleging that the defendant operated a department store in which there was a shoe department operated and owned by the Dorothy Dodd Shoe Company, and the plaintiff was in the employ of the shoe company; that the defendant maintained a freight elevator in its store, which its employees and the employees of the shoe company were authorized to use and did use in going from one floor to another; that S. C. Ables was an employee of the defendant, and among his duties was that of using the freight elevator in the operation of the defendant's business; that the plaintiff desired to buy a dress which the defendant had in its alteration department, and at her lunch time on January 13, 1934, she, at the instance of one of the defendant's employees, a Mrs. Misner, started to go from the basement to the second floor to try on the dress, and they used the said elevator, on which at the time was the defendant's shipping-clerk S. C. Ables; that the door to the elevator is opened and closed by raising and lowering it, and the defendant employs no one to operate the elevator, but requires those using it to operate it; after the elevator reached the second floor and when the plaintiff was going through the doorway and was just under the door, Ables attempted to close the door and jerked it down with great force and the lower edge of the door struck the plaintiff on top of her head; that, at this time Ables was employed by the defendant and was in and about the business of his employer; that the plaintiff was knocked down and seriously and permanently injured (specifications omitted); and that the defendant's agent was negligent in jerking the door down, in not giving her time to get through the doorway, in not warning her that he was going to lower the door and in not looking out for her safety when closing the door.

The answer admitted certain paragraphs of the petition, but denied that the defendant was liable and that the plaintiff had sustained the alleged injuries.

The plaintiff amended the petition by alleging that she was a married woman but that her husband had agreed that she be employed as set forth in the petition and that she might receive and own her earnings.

The defendant amended its answer by alleging that the plaintiff was an employee of the defendant and that the plaintiff and the defendant were subject to the provisions of the workmen's compensation act, both of them having accepted the provisions of the act, and that the plaintiff was not entitled to maintain the action.

The jury found $3000 for the plaintiff. The defendant made a motion for new trial which was overruled.

One ground of the motion alleged that the court erred in excluding from evidence the lease from the defendant to Dorothy Dodd Shoe Company, it being claimed that the lease in connection with other evidence "would have authorized the application of the fellow-servant rule or the workmen's compensation act, and in either event, relieved defendant from liability." This contention can not be sustained. The lease distinctly segregates the employees of the shoe company from the defendant's employees. It also contains the following clause: "The said lessee agrees to hire and pay the buying and selling wages of such employees as are necessary to conduct said shoe department, and the said lessor for the convenience of the lessee agrees each week to pay the employees of the shoe department such wages as may be directed by the lessee, and all such amounts paid out on this account shall be included in each monthly settlement."

The plaintiff not being an employee of the defendant, neither the workmen's-compensation act nor the fellow-servant rule could apply to her. The brief for the plaintiff in error, in stating the case, says "Mrs. Hague was an employee of Dorothy Dodd Shoe Company."

The exceptions to the charge of the court do not show any error. Some of these exceptions are inconsistent with the admissions in the defendant's answer. The exceptions in the 2d, 6th and 7th grounds of the motion set out incomplete sentences from the charge, which are unintelligible without the omitted parts. Such omissions leave the grounds of the motion too indefinite to present any question for decision. See *Daniel* v. *Schwarzweiss*, 144 *Ga.* 81 (86 S. E. 239). The claim in the 2d and 4th grounds that the

plaintiff was not entitled to ordinary care from the defendant's employee, because she was a mere licensee is without any basis of fact, as the undisputed evidence and the admission by the defendant of paragraphs 5 and 7 of the petition showed that the plaintiff, at the invitation and in the company of the defendant's employee who had charge of the sale of the dress which the plaintiff contemplated buying, went on the elevator which the defendant authorized its employees and employees of the shoe company to use in going from floor to floor. The plaintiff was a prospective purchaser and entitled to ordinary care from the defendant's employees. *Southern Paramount Pictures Co.* v. *Gaulding*, 24 *Ga. App.* 478 (101 S. E. 311) ; *Perkins* v. *Publix Theatres Corp.*, 47 *Ga. App.* 641 (3) (171 S. E. 147) ; *Moone* v. *Smith*, 6 *Ga. App.* 649 (65 S. E. 712) ; *J. M. High Co.* v. *Holler*, 42 *Ga. App.* 657 (157 S. E. 209) ; *Gomez* v. *Great Atlantic & Pacific Tea Co.*, 48 *Ga. App.* 398 (172 S. E. 750).

The complaint in the 3rd ground that the charge about loss of earning capacity was not sustained by any evidence in the record, is without merit. The testimony of the plaintiff and the doctors who had treated her furnished ample ground for charging on this subject. The 5th ground complains of an extract from the charge which, it is contended, told the jury that the defendant would be liable for injuring a prospective purchaser in all events, without regard to the degree of care its employee may have been exercising at the time. This is not a fair criticism, because, immediately after the language objected to, the court charged "Now the degree of care that the employees of the defendant in this case owed to the prospective purchaser was ordinary care not to injure a prospective purchaser while in that place of business. The defendant company is not an insurer against accident, and the law does not put that high degree of care or responsibility on it, but as I stated before, the law puts upon one running a business of the character referred to, the duty to use ordinary care, through and on the part of its employees, not to injure prospective purchasers within its place of business."

The complaint in the 8th ground that the court did not instruct the jury that in order for the plaintiff to recover, the alleged negligent act of the employee must appear to have been done in the prosecution of defendant's business and within the scope of the

employee's duties. There was no request to charge to this effect. Certainly in the absence of a request it was not necessary for the court to charge as indicated, when the defendant had admitted the 6th and 10th paragraphs of the petition which alleged that "at the time of and upon the occasion herein complained of," Ables was an employee of the defendant "and among his duties was that of using the freight elevator in the operation of defendant's business;" and that, at the time the plaintiff was injured, "Ables . . was at said time in and about the business of his said employer." See *Southern Paramount Pictures Co.* v. *Gaulding,* supra.

The amount of the verdict is complained of. The testimony for the plaintiff might have authorized a larger verdict, while the testimony for the defendant tended to show that the injury was trivial. But this was a matter for the jury. This court can not set the verdict aside on the ground that it was "so grossly excessive as to justify the inference of gross mistake or undue bias."

There was no error in overruling the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

ON MOTION FOR REHEARING.

The plaintiff in error moves for a rehearing on the ground that this court in passing on ground 5 of the amended motion for a new trial overlooked the decision of this court in *Southern Grocery Stores Inc.* v. *Cain,* 50 *Ga. App.* 629 (2) (179 S. E. 128). In that case it was held that where the court had erroneously charged the jury in effect that a duty rested upon the occupant of premises to keep the premises in a condition reasonably safe to persons coming thereon failed to cure the error by a statement elsewhere in the charge that a duty rested upon the occupant of the premises to exercise ordinary care to keep the premises safe. In that case the last provision of the charge was not made in connection with the first provision of the charge but the two provisions were separated by portions of the charge with reference to other matters.

In the case now before this court the trial judge in charging the excerpt, a portion of which is excepted to, charged as follows: "Now the court instructs you gentlemen, that one who conducts a business for the sale of merchandise and invites others to go to the departments of that business, to inspect, or with a view to purchasing merchandise for sale, owes to the invited or prospective customers the duty, through its own agents, of exercising ordinary

care, when coming in contact with the prospective purchasers, not to cause injury to the prospective purchasers while within the place of business. I will repeat that, in order if possible to make more clear, what I say. One running a business for the sale of merchandise, who invites prospective customers to come within that place of business, owes to the prospective customers the duty on the part of its employees while acting for it within its place of business, to so conduct themselves in the things that they do in connection with their employment, as not to injure a prospective purchaser. Now the degree of care that the employees of the defendant in this case owed to the prospective purchaser was ordinary care not to injure a prospective purchaser while in that place of business. The defendant company is not an insurer against accident, and the law does not put that high degree of duty or responsibility on it, but as I stated before, the law puts upon one running a business of the character referred to, the duty to use ordinary care, through and on the part of its employees, not to injure prospective purchasers within its place of business." The particular language excepted to being that in which the court stated that he would repeat in order to make himself more clear that one who invites prospective customers to come within his place of business owes to them the duty on the part of his employees, while acting for him within his place of business "to so conduct themselves in the things that they do in connection with their employment as not to injure a prospective purchaser." The court immediately preceding this excerpt excepted to, instructed the jury that the duty owed by one who conducts a place of business to prospective customers invited to come into the place of business is through its agents to exercise ordinary care not to cause injury to the customers while within the place of business, and immediately after the charge excepted to, the court instructed the jury that the degree of care required, by the person conducting a place of business, to a prospective purchaser coming into the place of business, was ordinary care not to injure such purchaser while in the place of business and that the person conducting the place of business "is not an insurer against accident and the law does not put that high degree of duty or responsibility on it, but as I stated before, the law puts upon one running a business of the character referred to, the duty to use ordinary care, through and on the part of its

employees, not to injure prospective purchasers within its place of business." Therefore the error, if any, in the charge excepted to was cured by the language of the judge immediately before and immdiately after the language excepted to, and the jury could not have been misled into the belief that the defendant was an insurer of the safety of its customers, but was clearly instructed, and must have so understood, that the duty which rested upon the defendant was to exercise ordinary care to make the premises safe for the customers. The ruling in *Southern Grocery Stores Inc.* v. *Cain,* supra, is clearly distinguishable.

The other grounds of the motion for rehearing are but rearguments of matters already passed upon, and are without merit.

The motion for rehearing is denied.     *Rehearing denied.*