ELLIS, Judge.
The defendants have appealed from a judgment in favor of the plaintiff as an owner-passenger for personal injuries and property damage, which resulted when her automobile driven by her permittee and agent, John Herrington, collided with the rear end of a Chevrolet station wagon on February 6, 1960 at approximately 11 P.M. which was stopped on the bridge crossing Bogue Chitto River on Highway 21, as a result of the station wagon having been involved in another accident on the bridge shortly before 11 P.M.
The defendants admit that John Her-rington was negligent in the operation of plaintiff’s automobile, which was the proximate cause of the accident and resulting injury, however, the defendants plead independent and/or contributory negligence on the part of Mrs. Grimes as a bar to her recovery in this suit.
The defendant’s specification of errors is set forth in his brief as follows:

"SPECIFICATION OF ERRORS

“It is respectfully submitted that the learned Trial Judge erred in the following respects:
“1. In holding that Mrs. Grimes was not independently or contributorily negligent, such as to bar her recovery in this matter.
“2. In finding that Mrs. Grimes had not voluntarily assumed the risk or hazard of traveling with Mr. Herring-ton under the facts and circumstances of this case.
“3. In not finding that, as between agent and principal, the agent may plead the independent or contributory negligence of the principal as a bar to recovery by the principal in an action against his agent for negligence, and in failing to find that this same defense is available to the agent’s insurer.
“4. In failing to find that John S. Herrington was under the influence of intoxicants.
“5. In awarding excessive damages in the light of the nature and extent of the injuries sustained by Mrs. Grimes.
“6. In finding facts unsupported by the record and the testimony.
“7. In not finding that Mrs. Grimes and Mr. Herrington failed to cooperate with their insurer in the defense of this action.”
On the other hand, the plaintiff rests her case on the decision of this court in Rodriguez v. State Farm Mutual Ins. Co., 88 So.2d 432. In their brief they state:
“ * * * Under the omnibus clause, petitioner has brought suit against the defendant, insurance company, as the insurer of her agent, Mr. Herring-ton. As was so ably stated by this *64 Honorable Court in Rodriguez v. State Farm Mutual Insurance Company [La.App.], 88 So.2d 432, 441, a case squarely in point and on ‘all fours’ with the case at bar:
“ ‘ * * * In the agency relationship, the law allows the principal to recover for the damages sustained by the principal as a result of the negligent acts of the agent.’
“Hence, in the instant case, the principal brought suit against the defendant insurance company which, under the omnibus clause, is the insurer of her agent, Mr. Herrington.”
******
“ * * * In any event, there is nothing in the evidence that would even suggest that she had even the slightest reason to suspect that Mr. Herrington would ever drive a motor vehicle into a parked automobile. We submit that she is not responsible for unforeseen and sudden occurrences or unpredictable negligent acts by the •driver, Mr. Herrington. Rodriguez v. State Farm Mutual Insurance Company, supra. Irrespective of the duty that the law imposes on an owner-passenger, it is manifest that the plaintiff was wholly free of any acts of independent or contributory negligence and exceeded the requirements that she act like a person of ordinary prudence under the same or similar circumstances. In the Rodriguez case, supra, the plaintiff was held to be free of independent and/or contributory .acts of negligence. We earnestly submit that the facts in the case at bar are far more favorable to the plaintiff ■on the issues of freedom from contributory and/or independent negligence than were the facts under which the plaintiff recovered in the Rodriguez ■case.
“The applicable principles of law •were discussed at length by this Honorable Court in the Rodriguez case. On rehearing the Court observed in pertinent part:
“ ‘The evidence disclosed that the car was owned by the petitioner, and that her sister, Mrs. McCord, was driving petitioner to work at the time of the accident. Therefore there was a relationship of principal and agent existing between petitioner and her sister at the time of the accident. As we held the sister, who was driving the car, guilty of contributory negligence, such contributory negligence was, therefore, imputed to the principal or petitioner, insofar as third parties were concerned, as there was no question that the agent was acting within the scope and course of the agency relationship when the collision occurred. Therefore, under the theory of imputed negligence, the claim of petitioner against the third parties, Mr. Boet and his insurer, were dismissed by this Court.
“ ‘The suit as against the State Farm Mutual Insurance Company, however, is a different matter. Under the omnibus clause petitioner was suing the insurance company as the insurer of her agent, Mrs. McCord. There would be no imputed negligence as the suit was one by the principal against her agent. In order to collect damages, therefore, the petitioner must be free of independent or contributory negligence, and the question, therefore, arises as to the duty of an owner-passenger of the vehicle involved in an accident.
“ ‘A similar situation existed in McDowell v. National Surety Corporation, La.App., 68 So.2d 189, 193. In that case the husband, who was owner of the car, was asleep on the back seat when his wife, who was driving, negligently struck another vehicle. The husband brought suit against his liability insurer alleging that the wife was the insured under the omnibus *65 clause. We held that the husband was guilty of no independent or contributory negligence and gave judgment in his favor. The Supreme Court denied writs. In the McDowell case, we said:
“ ‘As to any damages to third persons, the negligence of the wife would have been imputed to the husband, the principal in the community agency. Thus, he would have no defense to an action instituted by third persons, under the circumstances of this case. However, in the agency relationship, the law allows the principal to recover for the damages sustained by the principal as a result of the negligent acts of the agent.’
“ ‘In the dissenting opinion filed herein, Judge Ellis made reference to the cases of Riggs v. F. Strauss & Sons, La.App., 2 So.2d 501 and Horn v. Barras, La.App., 172 So. 451. We have no quarrel with either of these cases as both were suits by an owner-passenger against third parties. The defendant likewise cites a number of cases in its brief on rehearing involving the same situation, suit by an owner-passenger against third parties. These cases involve the theory of imputed negligence to the owner under the principal-agency relationship against third parties and are therefore distinguished from the present case at bar.’
“The Court also noted:
“ ‘Contributory negligence is, as the phrase signifies, negligence which contributes to the accident, that is, negligence having causal connection with it and but for which the accident would not have occurred.’
“The Court also quoted approvingly from American Jurisprudence, verba Automobiles Volume 5, Page 770:
“ ‘On the other hand, there is the general rule that ordinarily, a passenger in an automobile should sit still and say nothing because any other course may be dangerous. At precisely what point the duty arises to change from passive reliance to active protest is largely a factual question to be properly decided by the jury upon the basis of the available facts and circumstances. Generally speaking, the duty to remain silent exists in sudden emergencies.’ ”
While the writer of this opinion has no desire to rehash any arguments and answers made thereto by the majority and dissenting opinions in the Rodriguez case, a review of the basic principles of that case is necessary in view of the fact that counsel for plaintiff relies almost completely upon the law expressed therein.
The first quote from the Rodriguez case to the effect that in an agency relationship, the law allows the principal to recover for damages sustained by the principal as the result of the negligent acts of the agent, does not state the full law. The dissenting opinion in the Rodriguez case showed the error of the majority in its interpretation of the law and holding in the original case upon which the quote was based. In the dissenting opinion, it was stated:
“The quotation from the McDowell case in the majority opinion supra, was based upon a statement in Hardtner v. Aetna Casualty & Sur. Co., La.App., 189 So. 365, which in turn based such a statement upon the case of Costa v. Yochim, 104 La. 170, 28 So. 992. Of course, in the Costa case the owner was not present in the wagon at the time of the accident and resulting damage and the Costa case was merely one which held that the owner, if not negligent himself, and he could not be in such a case as he was not present, could recover the damages that had been recovered from him as the result of the negligent acts of his agent. The Costa case was never in *66 tended to. ■ deprive an- agent-of his in•surer when sued by the owner-principal present in the motor vehicle at the time of the accident of their defenses against the owner, such as contributory negligence or .outright independent negligence. The Hardtner case, supra, merely held that on the face of the petition the plaintiff had not convicted himself of contributory negligence, but it does not '.stand for a holding that the driver of the Hardt-ner car could not have plead contributory or independent negligence against Mr. Hardtner who was killed when the car was struck by a train. The case was settled and never tried on its merits or I am quite sure, the record would have been full of such a defense.”
In a final attempt to keep the record straight as to .the .law laid down by the Supreme Court of the State o-f Louisiana in the qase from which the incomplete statement of - the law and the erroneous interpretation of .the holding of the Court was originally taken let us examine that case, Costa v. Yoachim, 104 La. 170, 28 So. 992, as to its facts and the law of the case as stated by the Supreme Court therein, and we quote:
' “Defendant, Yoachim, seeks to have a judgment of the court of appeals reversed which condemns him to pay-to plaintiff the sum of-$230, with legal interest and costs. The defendant, it appears, was sued in the district court by Costa for an amount which he (Costa) paid to M. A. Bas-sich, being the value of a mare. Pri- or to this suit, Costa had been sued by Bassich for the value of this mare, which was killed while the defendant, Yoachim, was (driving Costa’s wagon. In this suit, Bassich, alleging the carelessness and negligence of the driver,' recovered judgment against the owner of the wagon thus negligently and heedlessly driven. This . judgment was paid by Costa, who afterwards sued the relator, Yoachim, who was his driver at the time. * * *
******
“Defendant’s (Yoachim’s) most serious complaint is that the district court and the. court of appeals have given conclusive effect to the judgment rendered in Bassich against Costa (No. 51,006).. There does not seem to be any question but that the whole complaint in the first suit (Bas-sich against Costa) was directed against Yoachim’s careless and negligent driving as having caused the accident. He was present during the trial and was defendant’s witness. He could not properly take the position in the subsequent suit -that he was not notified of the first case of Bassich against Costa. He was virtually -a party to the proceedings. He, as relates to the act of negligence, was really the only one concerned. He, in substance, admitted in the first, or Bassich, case that he alone was driving Costa’s wagon at the time of the accident. The judgment of the court could have been based upon no other ground than that Costa was liable because of the -negligence and carelessness of the driver. * * * ‘While the -master is liable to third persons for injury arising from his servant’s negligence within' the scope of his employment, if the master is free from fault as to negligence in question he may have his remedy against his servant for damages to which he is thereby subjected, and the measure of damages, in such case, is the amount of the recovery against the master.’ 4 Term R. 389; 6 Man. & G. 165. * * *”
It is clear from the above that in the Costa case there was no question of negligence of an owner-passenger. In that *67 case the owner was sued and judgment was obtained against him on the doctrine of respondeat superior, which' is defined in Black’s Law Dictionary as follows:
“Let the ma.ster answer. This maxim means that a master is liable in certain cases for the wrongful acts of his servant, and a principal for those of his agent. Broom Max. 843. Southern Paramount Pictures Co. v. Gaulding, 24 Ga.App. 478, 101 S.E. 311; Delaware, L. & W. R. Co. v. Pittinger, C.C.A.N.J., 293 F. 853, 855. Under this doctrine master is responsible for want of care on servant’s part -toward those to whom master owes'duty to use care, provided fail-, ure of servant to use such care occurred in course of his employment. Shell Petroleum Corporation v. Magnolia Pipe Line Co., Tex.Civ.App., 85 S.W.2d 829, 832 * * *''.
In the Costa case the agent of the owner was driving -the latter’s wagon in the course of the former’s employment and he negligently caused the death of “a mare,” and judgment was rendered against the owner under the above defined doctrine. The owner then sued his agent and employee, the driver of the wagon, stating that he alone’was driving the owner’s wagon at the time of the accident and held that while a master is liable to third persons for injuries arising from his servant’s negligence within the scope of his employment, “if the master is free from fault as to negligence in question he may have his remedy against his servant for damages to which he is thereby subjected, and the measure of damages, in such case, is the amount of the recovery against the master.” It is therefore most important in a suit by a master against his servant that the master be free from fault “as to negligence in question.” Otherwise he cannot recover against the servant. (Emphasis added)
The law is the same now as it was then, and applies with equal force to a suit by’ an ■ owner-passenger against his agent or servant. A third party may recover against the' owner-passenger for the negligence of the servant in the operation of the motor vehicle under the doctrine of respondeat superior, and it is equally well settled that- the' owner-passenger cannot recover against his agent or servant if he himself is guilty of independent or contributory negligence and such a defense to the owner-passenger’s suit is equally against the insured of the agent under the omnibus clause. As stated in the Costa case, recovery by the master or owner-passenger is dependent upon proof that “the master is free from fault as to negligence in question.”
So much for the first quote from the Rodriguez case.'
We fail to -receive any comfort insofar as the law or the case is concerned from the second quotation, supra, from plaintiff’s brief as to -the law in the Rodriguez case. After all was said in both majority opinions, they, finally applied the law which the dissenting opinion, contended was'the correct law applicable to the case, viz., the test of whether .or not the owner-passenger was barred from' recovéry because of his independent contributory negligence and which was exactly the test which was applied in barring .recovery by an owner-passenger in the case of Riggs v. F. Strauss & Son, La.App., 2 So.2d 501, 502 and Horn v. Barras, La.App., 172 So. 451. In order that there be no mistake about the law set forth in the Riggs case, we again quote what our brethren of the Second Circuit, through Judge, now Justice, Hamiter, had to say in distinguishing between an ’owner-passenger and purely d guest passenger. The Court stated:
“ ‘In Restatement of the Law (ver-bo Torts) Section 491, we find:
“ ‘The fact' that the plaintiff is the owner of the car ■ which he permits another to drive does not make the *68 journey during which such other drives a joint enterprise, although his ownership may be important in three other particulars. First, it may give him a peculiar ability to control the manner in which the driver operates the car, and therefore, may bar his recovery against the negligent defendant under the rule stated in § 495. An owner of a car is entitled to expect that one whom he permits to drive his car will follow his directions. On the other hand, one who is a guest in a car not only feels reluctant to interfere with his driver but the owner who is driving is far less likely to heed his advice than if he, the driver, were merely permitted by the plaintiff, as owner, to do the driving. Second, if the purpose of the journey is for the benefit of the owner, even though it is also for the benefit of him who is permitted to drive, the owner may under the principles of the law of Agency be regarded as the master of the driver even though no wages or reward other than the participation in the drive is paid to him.’ ”
In Horn v. Barras, 172 So. 451, decided by this Court the automobile of the owner-plaintiff-passenger on the night and at the time of the accident was being driven by his brother when it ran into a large freight truck of the defendant which was parked on the paved highway east of Crowley, Louisiana. The Court found that the weather was bad and that the speed of 30 to 35 miles an hour was excessive and dangerous under the facts and circumstances. In this case there was a plea of contributory negligence as a bar to recovery by the owner-plaintiff-passenger and this Court held:
“The contributory negligence of the driver of plaintiff’s car clearly appears from the record, as we read it, and as it is shown that plaintiff himself, who was seated on the front seat with the driver, had equal opportunity of seeing and observing the conditions which existed, was aware of the speed at which they were going and the distance they could see ahead of them, had entire control over the car, and yet permitted its operation in such manner, he also must be held negligent, and his negligence having contributed to the accident, stands in the way of his recovery.”
The Court squarely held that the independent contributory negligence of the owner-passenger, who had entire control over the car and yet permitted its operation at an excessive speed under bad weather conditions, “having contributed to the accident, stands in the way of his recovery.” The Court did not rest its decision on any imputation of negligence of the driver to the owner-passenger under the principal-agent relationship because the suit was against a third party, but rested squarely on the doctrine of independent contributory negligence as a bar to the recovery by the owner-passenger.
Now let us see exactly what law the majority opinion in the Rodriguez case, supra, applied to the plaintiff-owner-passenger in order to test her right to recover in the face of a plea of contributory negligence. After much discussion of the duties of an ordinary guest passenger, with which the case was not concerned in any manner, the majority then got to the question at issue and discussed it in the following language:
“Now that we have determined the law with respect to the duties of a guest-passenger, we come to the question before us, i. e., what are the duties of an owner-passenger. Certainly we feel that an owner-passenger is under a greater obligation than that of a guest passenger. We, furthermore, feel that the facts and circumstances of each individual case *69 must be considered in order to determine whether the owner-passenger was guilty of any independent or contributory negligence. The question, therefore, to be answered is: Under the facts pertaining to the case, did the owner-passenger have any duty or opportunity to determine any danger ahead, and if so, what should she have done to avert the collision?”
The majority, therefore, held that an owner-passenger was under a greater obligation than a guest passenger, which is, with all due .respect, an understatement, as due to the right of control of the driver given the owner-passenger under the law, he is charged with the duty to exercise that control by seeing the existence of dangers such as obstacles, the manner of operation of the car by his agent, excessive speed, or excessive speed under the facts and circumstances such as extremely bad weather and poor visibility. The majority then concluded that the question to be answered was whether, under the facts in the case, the plaintiff-owner-passenger had any duty or opportunity to determine any danger ahead, and, if so, what could she have done to avert the collision. The majority answered this question by finding that the plaintiff-owner-passenger did not have an opportunity to determine any danger ahead under the particular facts of the case. Of course, a plaintiff-owner-passenger is always under a duty to determine or observe any danger ahead which is apparent or which they could or should have seen had they been keeping a proper lookout.
Therefore, in the end, the only difference in the majority and dissenting opinions in the Rodriguez case was in the conclusion reached in applying the law held applicable to a plaintiff-owner-passenger to a case where the plaintiff is the owner-passenger suing his or her own insurer under the omnibus clause, by which the owner-passenger’s insurer also becomes the insurer of the owner-passenger’s agent, to the particular facts in the Rodriguez case, bearing in mind the law applicable to an owner-passenger as heretofore discussed that such a one may recover damages sustained as a .result of the negligent acts of his agent, either from the agent or his own insurer under the omnibus clause if the owner-passenger is free from independent or contributory negligence. In such a suit the agent or insurer may plead as a bar to recovery by the owner-passenger the latter’s contributory or independent negligence. It is further definitely settled that an owner-passenger has the right to control the operation of the motor vehicle by his agent and the duty to do 'so, and a failure in this duty which is shown to be a proximate cause of the accident is a bar to his recovery as it convicts him of contributory or independent negligence.
The facts in the case at bar are very simple. Plaintiff operated a boarding house in the City of Bogalusa, and among her boarders was John Herrington, the driver of her car on the night of the accident. It was apparently customary for plaintiff to take drives in her car at night and as she did not know how to operate it she would ask Herrington to drive her. It is also fairly apparent from the record that they were friendly or interested in each other, and on the night in question they decided to “drive around.” They left Bogalusa about dark, estimated at about six or six thirty P.M., and took the road toward Cov-ington, Louisiana. They drove nearly to Covington and turned around and started back toward Bogalusa. The testimony as to exactly where they went and what they did is most vague in the record. In fact the District Court in allowing counsel for defendant to cross examine John Herring-ton as a hostile witness, stated:
“I think the witness is evasive. He has not answered any of the questions. In fact, he is kind of cunning with it, or at least he thinks he is. It is very clear to the court that he is evading the questions. I wouldn’t call him a friendly witness, by any means.”
*70 Be that as it may, he did testify that they stopped thirty or forty minutes on the side of the road and talked, among' other things, about buying a home, and then continued' on toward Bogalusa. They arrived at the Bogue Chitto Bridge around eleven o’clock. The night was clear and visibility excellent. • At this time there had .been a collision between two other cars on the bridge and the Marshall of Sun, Louisiana, who was also a Deputy Sheriff, had been called by the Police Department of Bogalusa to go to the scene of the collision on the Bogue Chitto Bridge and help out with traffic until the State Police Officers could get there. The Marshall saw the plaintiff’s approaching from the south in the eastbound traffic lane and went about fifty feet to the .rear of the nearest .wrecked automobile and with a six cell flashlight attempted to get the plaintiff’s car to stop. Neither Herrington nor plaintiff saw or noticed the marshall nor the flashlight which he was waving frantically in order to get them to stop, and the marshall was forced to get upon the railing of the bridge to get out of their way and avoid being struck himself. Herrington stated that he never saw the parked or wrecked automo.-bile until just before he struck it, although there is no testimony that his lights were not in good condition and both burning, and the night clear and visibility excellent. The plaintiff testified that when they came on the bridge they were traveling about 30 miles an hour, that she always noticed the speedometer and that she-warned Her-rington to slow down. However, she made it clear that this warning was not given because she saw anything or anticipated any danger. Herrington testified also that she told him to slow down and that when he struck the car he was going 30 miles an hour. The plaintiff never saw anything before they hit the car and Herrington’s only excuse for‘not seeing the car was that the lights from- a car which he thought was approaching from the north and in the westbound lane on the bridge blinded him and he identified the. car as a State Police car. This i's , impossible a*= the State Police-did not arrive-until after Her-rington had ■ collided, with the rear end of the station wagon and the only other car besides the two that were in the prior wreck was the one belonging to the Marshall of Sun, Louisiana, which was parked to the nortji and-in front of both wrecked automobiles, with an ordinary turn signal light blinking and the lights on shining to the north.
Therefore, stripped down, there is no reason shown in this record for Her-rington having struck the rear end of this car and there is no fact which would justify Herrington’s nor - the plaintiff’s failure to observe the Marshall frantically waving a six sell flashlight in their lane of traffic approximately fifty feet to the rear of the wrecked station wagon and having to jump upon the rail of the bridge in order to avoid beifig struck nor their failure to observe the station wagon in time to avoid the collision. There is no fact which would bring the case under the exception to -the general rule. The collision was caused by the gross carelessness and negligence of Herrington in failing to see what he should have seen and the contributory or independent negligence of the plaintiff-ownerrpassenger in failing to see what she should have seen and to exercise her right of control and warn Herrington of the obvious and apparent danger.
The State Troopers arrived at the scene and talked to Herrington and plaintiff, and according to their testimony, both of them stated to the troopers that they had stopped at Dave’s Place, which we gather is a saloon afid night club, and had been there since " approximately eight o’clock. The Troopers also testified that Hefrington had been drinking and was a ■border line, case of driving while intoxicated, however, he was not so charged. Much objection was made to any testimony with regard to intoxication or the drinking of intoxicating liquors on the ground that ¾ was npt . alleged in the petition, however, the statements of' the police officers as to *71 what these parties told them and also their condition were admissible without any allegation in the petition. Both plaintiff and Herrington denied telling the officers they had been to Dave’s Place- and denied drinking. There is no testimony from the Police Officers that the plaintiff had had anything to drink or that they could smell anything on her breath. The testimony was not admissible to show negligence' on the part of the plaintiff by an assumption of the risk and thereby bar her recovery for that reason, as the petition made no such allegation, nor for the purpose of barring her recovery on the ground of contributory negligence under such facts for it was not specifically álleged as an act of contributory negligence on her part in- the defendant’s answer, but .the testimony of the State Troopers as to what they were told by the plaintiff and Herrington, the driver, was admissible and could be used for or against either or both. The testimony of the police officers as'to the’condition of plaintiff and Herrington 'at -the time of their arrival at the scene was admissible to impeach Herrington’s testimony that he had not had a drink, and also more than likely explains his gross negligence in failing to see the obvious and apparent., However, sucli testimony- was not necessary to convict Herrington of the grossest kind of negligence nor to convict the plaintiff-owner-passenger of contributory or independent negligence.’
For the above and foregoing reasons the judgment of the District Court is reversed, and plaintiff’s suit is dismissed at her cost.
Reversed.