Joan Heggen Secretary Department of Community Affairs Tallahassee
QUESTIONS:
1. Is a county or city responsible for reimbursing its veteran service officer's travel expenses when the service officer attends training refresher courses sponsored by the Division of Veterans' Affairs?
2. If the answer to the above question is yes, what penalty may be applied if the county or city refuses to pay the travel expenses?
SUMMARY:
A county or a municipality cannot be compelled by the Division of Veterans' Affairs to pay the per diem and travel expenses of its veteran service officers incurred in attending the periodic refresher training courses established by the division. However, the division, in the exercise of its rulemaking power and authority to provide assistance to members of the armed forces, former, present, and future, and their dependents, and to employ personnel and incur such expenses as it deems necessary to accomplish this, may authorize and pay from its budgeted funds the per diem and travel expenses of county or city veteran service officers as `authorized persons' of the division, in order that each such service officer may attend periodic refresher training courses established by the division.
Section 292.11(1), F. S., provides in pertinent part:
 Each board of county commissioners may employ a county veteran service officer, provide office space, clerical assistance, and the necessary supplies incidental to providing and maintaining a county service office; and pay said expenses . . . from the moneys hereinafter provided for. . . . (Emphasis supplied.)
The governing body of a municipality is similarly authorized to employ a city veteran service officer. Section 292.15, F. S., empowers a county to levy a tax not to exceed one-half mill or to use available funds on hand and unappropriated, whether derived from taxation or otherwise, to provide a veteran service officer and maintain a veteran service office in the county, and `to disburse said moneys at such times and in such manner and under such terms and conditions as may be provided by resolution of said board of county commissioners from time to time.' (Emphasis supplied.) Any appropriations made by a county or a city for the purposes set forth in s. 292.11, F. S., are declared by statute to be appropriations for a county or a municipal purpose, as the case may be. Section 292.11(3). The language contained in the foregoing statutory provisions is permissive; a county or municipality is authorized, but not required, to employ a veteran service officer and to levy a tax to provide for such officer. See, e.g., Brooks v. Anastasia Mosquito Control District, 145 So.2d 64 (1 D.C.A. Fla., 1963) (the word `may,' when given its ordinary meaning, denotes a permissive rather than mandatory term).
Once a city or county determines that it will employ a veteran service officer under the provisions of s. 292.11, F. S., it may
notify the Division of Veterans' Affairs of its intention and request that the division furnish it with the names of those persons qualified to fill such position, whereupon the division shall certify to the city or the county the names of candidates who meet the requirements and qualifications prescribed by the division. See s. 292.11(2). The duties, compensation, and terms of employment of such officers `shall be prescribed by the board of county commissioners or, where applicable, by the governing body of the city,' s. 292.11(2); however, any person employed by a county or city `shall, from the time of his employment, be subject to such rules as the Division of Veterans' Affairs may from time to time prescribe,' s. 292.11(3). Moreover, the division is directed to establish a training program for county and city veteran service officers. Section 292.11(4) provides in part:
 Every county [or] city veteran service officer employed under the provisions of this chapter shall attend the training program established by the division and successfully complete a test administered by the Division of Veterans' Affairs prior to assuming any responsibilities as a county or city veteran service officer. The division shall further establish periodic training refresher courses which each county or city veteran service officer shall attend and complete as a condition of remaining in employment as a county or city veteran service officer. County and city veteran service officers shall be reimbursed for traveling expenses, as provided in s. 112.061, in fulfilling the requirements of this section. (Emphasis supplied.)
The language employed in s. 292.11(4), F. S., providing for the establishment of training programs and periodic refresher courses by the division and the attendance by county and city veteran service officers at such programs, appears to be mandatory. The word `shall,' as used in the statutes, is usually intended to be mandatory rather than directory. See Holloway v. State,342 So.2d 968 (Fla. 1977); White v. Means, 280 So.2d 20 (1 D.C.A. Fla., 1973); Florida Tallow Corp. v. Bryan, 237 So.2d 308 (4 D.C.A. Fla., 1970); and AGO 078-66 (in its ordinary meaning, the word `shall' is mandatory in its connotations; presumably the Legislature would have used the word `may' if it intended a permissive connotation). See also the preamble to Ch. 74-288, Laws of Florida, amending s. 292.11, which states in pertinent part that the act relates to veterans, `requiring the division of veterans' affairs of the department of community affairs to establish training programs for county service officers and requiring these officers to attend said programs . . . .'
I am not aware, however, of any judicial interpretation of the foregoing statutory provisions regarding a county's or a city's obligation to pay for the costs, including travel expenses and per diem, of such training courses for these officers, nor has any such judicial decision been brought to my attention. Moreover, I have been informed that there are no pertinent rules or regulations of the division on this issue. However, in his letter, your predecessor stated that it is the position of the Department of Community Affairs that, once a county or a city chooses to establish a veteran service office, the local governing body also assumes the responsibilities of supporting that office, including the payment of travel expenses relating to attendance at refresher training conferences. While the language requiring a county or city veteran service officer to attend a training program and periodic refresher courses established by the division is mandatory, the discretion of the board of county commissioners and, where applicable, the governing body of a municipality is preserved with respect to the employment of such veteran service officers, their compensation, and the terms of employment. See ss.292.11(2) and 292.15, F. S., which authorizes and empowers, but does not require, a board of county commissioners to levy a tax or to use available funds on hand and unappropriated to provide a veteran service officer and maintain a veteran service office and further provides that such moneys may be disbursed `at such times and in such manner and under such terms and conditions as may beprovided by resolution of said boards of county commissioners from time to time.' (Emphasis supplied.)
While s. 292.11(4), F. S., provides that county or city veteran service officers `shall be reimbursed for traveling expenses, as provided in s. 112.061, in fulfilling the requirements of this section,' one requirement being that such officers attend training and refresher courses, there is no provision which requires or compels a county or city to appropriate funds for the maintenance and traveling expenses of such officers for such purposes. Section112.061, which governs and provides for the amounts payable to public officers and employees for travel expenses, does not make its own appropriations for the payment of such per diem and travel expenses but is dependent upon funds being otherwise appropriated to the spending agency for such purposes, cf. AGO 068-65; ss.292.11(1) and (2) and 292.15, F. S., appear to preserve the county's (and municipality's) discretion in funding such officers. Under the provisions of s. 112.061, all travel must be authorized and approved by the head of the agency, or his designated representative, from whose funds the traveler is paid. Section112.061(3)(a). Section 112.061, however, does not contain any provision which compels a public agency to approve an officer's or employee's travel, nor am I aware of any penalty imposed by statute for the county's refusal to appropriate or budget money for such expenditures. Moreover, while s. 292.11(4) requires that such veteran service officers attend the refresher training programs established by the Division of Veterans' Affairs `as a condition of remaining in employment as a county or city veteran service officer,' I am not aware of any statutory provision, nor has any such provision been brought to my attention, which authorizes the division to discharge or remove a veteran service officer employed by the county or the city for failure to attend these programs.
Accordingly, in the absence of a clear declaration of legislative intent, and until determined to the contrary by the judiciary, I am compelled to conclude that a county or a municipality cannot be required to pay the per diem and travel expenses of its veteran service officers in attending the periodic refresher courses established by the Division of Veterans' Affairs.
Section 112.061, F. S., authorizes a public agency to pay the travel expenses of public officers, employees, and authorized persons. Section 112.061(2)(e)1. defines `authorized person' as a `person other than a public officer or employee as defined herein, whether elected or commissioned or not, who is authorized by an agency head to incur travel expenses in the performance of his official duties.' Any travel expenses, however, under the provisions of s. 112.061 are limited to those expenses necessarily incurred in the performance of a public purpose authorized to be performed by the public agency and within the limitations prescribed by s. 112.061. Section 112.061(3)(b). The Division of Veterans' Affairs is charged with the responsibility of providing assistance to all former, present, and future members of the Armed Forces of the United States, and their dependents, in securing the benefits or privileges to which said persons are, or may become, entitled under federal or state law or regulation by reason of their military service. Section 292.05(2)(a), F. S. To accomplish this, the division is authorized to promulgate rules and regulations pertaining to all veteran service work and the duties of all veteran service officers in the state, and the director of the division `may employ such personnel and incur such expenses as he may deem necessary to carry out the objects and purposes of this law . . . .' Section 292.05(3) and (4). Under the authority of the foregoing statutory provisions, it appears that the director, in the exercise of his discretion, may authorize and approve the travel of a county or city veteran service officer, as an `authorized person' of the division, to the training refresher courses, the expense incurred therefrom to be paid from the properly budgeted funds of the division, in order to insure that veteran services work will be properly provided within the county or municipality.
Therefore, in conclusion, I am of the opinion that, in the absence of a clear declaration of legislative intent, and until determined to the contrary by the judiciary, a county or a municipality cannot be compelled by the Division of Veterans' Affairs to pay the per diem and travel expenses of its veteran service officers incurred in attending the periodic refresher training courses established by the division; however, the division, in the exercise of its rulemaking power and authority to provide assistance to members of the armed forces, former, present, and future, and their dependents, and to employ personnel and incur such expenses as it deems necessary to accomplish this, may authorize and pay from its budgeted funds the per diem and travel expenses of such veteran service officers as `authorized persons' of the division, in order to insure that veteran services work will be properly provided within the county or municipality.
Prepared by:
Joslyn Wilson Assistant Attorney General